

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| JEFFREY SMITH and JACQUELYN M. SMITH, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 1:25-12228-MGL |
| ALLSTATE INDEMINITY COMPANY, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND
DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.    INTRODUCTION**

Plaintiffs Jeffrey and Jacquelyn Smith brought this action in the Aiken County Court of Common Pleas against Allstate Indemnity Company, who timely removed it to this Court. The Court has jurisdiction over the matter in accordance with 28 U.S.C. § 1332(a).

The Smiths allege Allstate failed to comply with their insurance policy by refusing to pay most of the claim they made after their property was damaged by Hurricane Helene. They bring claims for breach of contract and bad faith refusal to pay the claim, and they seek attorneys' fees.

This matter is before the Court for review of the Smiths' motion to amend their complaint and Allstate's partial motion for judgment on the pleadings. Having carefully considered the motions, the responses, the reply, the record, and the applicable law, it is the judgment of the Court the Smiths' motion will be granted and Allstate's motion will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

In the Smiths' original complaint they allege they own real property in Aiken, South Carolina, which was insured by Allstate.  That property "suffered significant damage from Hurricane Helene . . . amounting to $366,714.74 [which] included fallen trees and significant destruction of the home's roofing, siding, and interior."  Complaint ¶ 17.  On September 29, 2024, two days after Helene made landfall, "the Smiths made a proper claim to Allstate attaching supporting documentation demonstrating proof of loss."  Complaint ¶ 18.  As of February 5, 2025, "Allstate had paid the Smiths $78,974.10."  The Smiths allege Allstate "has no good cause for resisting or delaying payment." Complaint ¶ 47.

The Smiths further allege Allstate sent an investigator to evaluate the damage to the property on February 26, 2025, yet the inspector left the property without performing an investigation.  Complaint ¶¶ 41-42.  An Allstate inspector subsequently inspected the property on April 16, 2025.  Complaint ¶¶ 43-44.

In the Smiths' proposed amended complaint, they additionally allege, "Allstate again requested another inspection that took place on December 9, 2025, at which time Plaintiffs again made arrangements to be available and lined up their contractor and counsel to be present." Amended Complaint ¶ 56.  The proposed amended complaint specifies the Smiths have so far "spent $164,734.92 on the repairs to the Property and $18,392.00 for tree removal."  Amended Complaint ¶ 34.

After Allstate filed the instant partial motion for judgment on the pleadings, the Smiths filed a response, to which Allstate replied.  The Smiths also filed a motion to amend the complaint, which Allstate opposes.

### III.    LEGAL STANDARD

#### A.  *Amend the Complaint*

"The court should freely give leave [to amend] when justice so requires."  Rule 15(a)(2), Fed. R. Civ. P.  "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."  *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

#### B.  *Judgment on the Pleadings*

Generally, "a motion for judgment on the pleadings 'should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'"  *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

"A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)."  *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013).  Accordingly, "the complaint must contain facts sufficient 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### IV.    DISCUSSION AND ANALYSIS

#### A.  *Whether the Smiths' Motion to Amend the Complaint Should be Granted*

The Smiths request leave to amend to "clarif[y] factual allegations regarding the difference between amounts claimed by Plaintiffs and amounts paid by Defendant based on knowledge of

additional information." Plaintiffs' Motion at 1. Allstate opposes the motion because, in part, the Smiths "fail to include any novel, relevant allegations that would enable a cause of action to be brought." Defendant's Response at 2. It asserts, "The whole of Plaintiffs' proposed insertions are superfluous and simply regurgitate [their original] allegations . . . ." Defendant's Response at 3.

The amended complaint includes at least two relevant allegations missing from the original complaint: (1) the amount of money the Smiths have already spent on repairs and mitigation and (2) that Allstate requested and performed a further inspection after this suit was initially filed. The first new allegation is clearly relevant to damages, and the Smiths are entitled to provide such specification in their complaint. The second new allegation is relevant because further inspection well over a year after the damage occurred could reasonably be viewed as an intentional and unnecessary delay, which can constitute bad faith. *See Nichols v. State Farm Mut. Auto. Ins. Co.*, 306 S.E.2d 616, 619 (S.C. 1983) (recognizing cause of action based on "bad faith or unreasonable action by the insurer in processing a claim").

Additionally, Allstate fails to claim it would suffer any prejudice if the motion to amend the complaint were granted. Because leave for amendments should be "freely give[n]," Fed. R. Civ. P. 15(a)(2), the Court is inclined to grant the motion. For reasons addressed below, the Court rejects Allstate's argument the amendment is "futile." Defendant's Response at 3.

### B. Whether Allstate's Motion for Judgment on the Pleadings Should be Granted

Allstate urges the Court to dismiss part of the Smiths' claims because "the Complaint fails to allege any facts that would establish viable causes of action for bad faith and attorneys' fees under South Carolina law." Defendant's Motion at 1. As to the bad faith claim, it reasons, "Simply because Plaintiffs do not agree with Defendant's valuation of their loss, does not entitle them to a claim of bad faith." Defendant's Motion at 2. More specifically, Allstate contends judgment in

4

its favor is proper because it paid the Smiths' claims in part. *See* Defendant's Reply at 1 ("Plaintiffs falsely equate Defendant's unwillingness to pay *more* money as a refusal to pay *any* money.").

The Smiths argue they have alleged more than a mere disagreement but rather Allstate "has continued to engage in behavior that constitutes unreasonabl[e] delay" and "continue[s] [to] refus[e] to provide an explanation as to why additional payments and coverage are denied." Plaintiffs' Response at 9, 11. In particular, the Smiths contest Allstate's assertion their bad faith claim is precluded because of Allstate's admitted—and in their view, partial—payment. Plaintiffs' Response at 10-11.

To recover against an insurer on a bad faith claim, the plaintiff must show:

> (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.

*BMW of N. Am., LLC v. Complete Auto Recon Servs., Inc.*, 731 S.E.2d 902, 907 (S.C. Ct. App. 2012) (quoting *Crossley v. State Farm Mut. Auto. Ins. Co.*, 415 S.E.2d 393, 396 (S.C. 1992)). "However, where an insurer has a reasonable ground for contesting a claim, there is no bad faith." *Id.* (citing *Helena Chem. Co. v. Allianz Underwriters Ins. Co.*, 594 S.E.2d 455, 462 (S.C. 2004)). At this stage, only the third element of the cause of action is at issue: Allstate's alleged bad faith or unreasonable conduct.

In South Carolina, the "insurer acts in bad faith when there is no reasonable basis to support the insurer's decision." *BMW of N. Am.*, 731 S.E.2d at 907 (quoting *Helena Chem.*, 594 S.E.2d at 462). The Smiths alleged the insured property suffered $366,714.74 in damage, yet Allstate has paid merely $78,974.10 on the claim. The severe disparity between the alleged damage—which

the Court must accept as true and accurate at this stage—and Allstate's payment on the claim could reasonably support an inference of bad faith.

Moreover, the proposed amended complaint further alleges the Smiths have already spent $164,734.92 on repairs to the property, along with nearly $20,000 to remove down and damaged trees. Amended Complaint ¶ 34. The fact the Smiths actually paid for repairs more than twice the amount Allstate determined was necessary could support an inference of bad faith. That is sufficient to state a claim. For these reasons, the Court is unpersuaded amendment of the Smiths' complaint would be futile.

The Court is also unpersuaded by Allstate's argument that, because it paid out part of the claim based on its review and investigation, it has inherently acted reasonably enough as to preclude a bad faith claim. *See Varnadore v. Nationwide Mut. Ins. Co.*, 345 S.E.2d 711, 713 (S.C. 1986) (rejecting insurer's argument a bad faith finding was precluded because, "from its own investigation, a reasonable basis was found to deny the claim"). To hold as a matter of law an insurer's investigation of a claim categorically prevents a finding of bad faith "binds the insured to the findings and conclusions of the insurer's own independent investigation; . . . effectually insulates the insurer from liability; and, . . . forecloses a jury['s] consideration of the insured's evidence of bad faith." *Id.* The Smiths correctly rely on *Varnadore*, Plaintiffs' Response at 10, and it permits their claim to proceed despite Allstate's inspection and initial evaluation of the claim.

Additionally, Allstate seeks judgment on the pleadings specifically as to the Smiths' request for attorneys' fees. Because the Smiths have stated a claim for bad faith refusal of the insurance claim, they have necessarily stated a claim for attorneys' fees. *See* S.C. Code Ann. § 38-59-40 (providing "the insurer . . . is liable to pay the [insured], in addition to any sum or any

amount otherwise recoverable, all reasonable attorneys' fees" if "the refusal [of a claim on an insurance policy] was without reasonable cause or in bad faith").  Therefore, this request will  be denied.

## V.     CONCLUSION

After a thorough review of the motions and record in this case, it is the judgment of the Court Allstate's partial motion for judgment on the pleadings is **DENIED** and the Smiths' motion for leave to amend the complaint is **GRANTED.**

The Smiths are directed to file an amended complaint **within seven calendar days of this Order**.

**IT IS SO ORDERED.**

Signed this 23rd day of July, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE